GEORGE F. HODGMAN, Respondent, *v.* STEPHEN T. BARKER, Appellant.

Where, upon an application by a subsequent attaching creditor to set aside a former attachment, the facts set forth in the affidavit to prove that the subsequent attachment was a lien upon the same property were not within the personal knowledge of the affiant, but were based upon statements of another person, and no excuse was given for not procuring the affidavits of persons having personal knowledge of the facts, *held* that the court while it could properly have taken the affidavit as sufficient, was not bound so to do, and so that a denial of the application was not error; and this although the affidavit upon which the first attachment was issued was insufficient.

Reported below, 60 Hun, 156.

(Argued June 15, 1891; decided June 23, 1891.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made April 8, 1891, which reversed an order of Special Term granting a motion to vacate an attachment in the above-entitled action, and denied said motion.

The following is the opinion in full:

" The National Broadway Bank, as a subsequent attaching creditor, made a motion to set aside the attachment in this action. Judge INGRAHAM at the Special Term vacated the attachment, holding that the affidavit upon which it was granted did not show a cause of action against the defendant, that the attachment obtained by the bank was valid, and that it had thereby obtained a lien upon the same property seized by the attachment issued in this action. From the order of Special Term the plaintiff appealed to the General Term, and there the order was reversed, three opinions being written. Judge VAN BRUNT agreed with Judge INGRAHAM that the affidavit upon which the attachment in this action was issued did not show any cause of action ; but he held that the affidavit upon which the attachment of the bank was issued was insufficient, and also that it did not appear that the attachment of the bank was levied upon the same property seized by the attachment in this action. Judge DANIELS concurred with Judge VAN BRUNT on the ground that it did not appear that the bank had attached the same property seized by the attachment in this action. Judge LAWRENCE writing a dissenting opinion agreed with Judges INGRAHAM and VAN BRUNT that the affidavit upon which the attachment in this action was granted, does not show a cause of action in favor of the plaintiff against the defendant, and he held that the attachment of the bank was based upon a sufficient affidavit and that it appeared that it was levied upon a portion of the same property seized by the attachment in this action ; and he, therefore, favored the affirmance of the order of the Special Term. From the decision of the General Term the bank has appealed to this court,

" It is not necessary now to determine whether the affidavit upon which the attachment in this action was issued is sufficient. Two of the judges of the General Term concurred in holding that it did not appear that the bank had a lien upon the same property attached in this action, and that, therefore, it had no standing which enabled it to move to set aside the attachment. We will not now enter into a minute criticism of the affidavit presented to the Special Term to show that the

bank had a subsequent attachment lien upon the property attached in this action. It is sufficient that the affidavit to prove the lien was not satisfactory to the Supreme Court. The facts were not within the personal knowledge of the person making the affidavit. They were based upon information received from another person, and no excuse whatever was given for not procuring the affidavits of the persons having personal knowledge of the facts. Even if the Supreme Court could properly have taken the affidavit based upon information and belief as sufficient, it certainly was not bound to, and without committing any legal error it could refuse to grant the motion based upon such an affidavit. It is not for this court to say that it ought, and much less that it is not bound to be satisfied with such an affidavit.

"We are, therefore, of opinion that the order of the General Term should be affirmed with costs."

*William F. MacRae* for appellant.

*Eugene K. Sackett* for respondent.

*Per Curiam* opinion for affirmance.
All concur.
Order affirmed.